United States District Court

Northern District of Florida

Gainesville, FL


United State of America

Case Number 1:03CR8-001

Name Charles Clarence Taylor Jr.

Motion to Terminate Supervised Release after Completion of One Year of Supervised Pursuant To Title 18 U.S.C. S3585 (e) (1)

Now Comes Charles Clarence Taylor Jr. appearing pro se and filed this Motion to Terminate Supervised Release, pursuant to Title18 U.S.C. S3583 (e) (1)

Introduction

The district court enjoys "broad discretion: when, after "take into account a variety of considerations, including the nature of offense and history of the offender, as well as including the nature of the offense and history of the offender, as well as any implications for public safety and deterrence, "it discharges a defendant's supervised release. See United States v Jeanes, 150 F. 3d 483,485 (5(Cir.1998). "These factors are largely the same considerations the court must access when imposing the original sentence".

Title 18 U.S.C.3583 (e)(1) states that "the court may, after considering the factors set forth in Section (a)(1), (a)(2)(B), (a)(2)(C), (a)(4), (a)(5), and (a)(6), terminate a term of supervised release and discharge the person released at any time after the expiration of one year if supervised release. If it is satisfied that such action is warranted by the conduct of the person releases and the interest of justice."

"Claims of injustice or unfairness may be properly evaluated it as one factor among many under the broad and general directive of 3583 (e) (1)," Jeanes 484-485. However the court must be "satisfied that such action is warranted by the conduct of the defendant and in the interest of justice" Id

As the Supreme Court has noted: [3583 (e) (1) is the unequivocal provision for ending the term of supervised release without the possibility of its re-imposition or continuation at a later time. Congress wrote that when a Court finds that a defendant's conduct and the interest of Justice warrant it, the court may "terminate a term of supervised release and discharge the person released" once at least a year of release time has been served. Johnson v the United States, 529 U.S. 694,120 S.Ct.370, 146 L.Ed.2d 727,738(2000)

Filed0201'16UsDcFln1PM0106

Discussion

Charles Clarence Taylor Jr. respectfully asks the court to terminate his supervised release term for his "conduct" while on supervised release and in the "interest of justice". I Charles Clarence Taylor Jr. have shown exemplary post-conviction adjustment and conduct in my supervision responsibilities for five years. I have fully complied with the court's express terms of supervision, including withstanding from drug use (as evidence by my continued clean record of being drug tested on a regular basis). Fully obeying the law, and diligently complying with the requirements of the probation officer. I have also maintained and am able to live a productive lifestyle by being gainfully employed. When evaluating my offense, criminal history, and the fact that this offense was back in 2002. It not only shows the court I have not been in any trouble with the law since then, but it also shows the court my continued effort to remain a productive citizen of the society. The court can find that my further continued supervision is not required because I meet the criteria as suggested by the U.S. Administrative Office of the Courts. See also, Publication 109. Chapter III, p19-21 (2007 Revision)

2. Progressive strides towards supervision objectives and in compliance with all conditions of supervision.

3. No aggravated role in offense of convictions, particularly large drug or fraud offenses;

4. No history of violence (e.g. sexually assaultive, predatory behavior, or domestic violence).

5. No recent arrest or convictions, (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct.

6. No recent evidence of alcohol or drug abuse;

7. No recent psychiatric episodes;

8. No identifiable risk to the safety of any identifiable victim; and

9. No identifiable risk to public safety based on the Risk Prediction Index (RPI)

10. I've been gainfully employed I'm the owner of a mobile detailing business called "Time to Shine". Which I have kept and maintained for the past five years.

11. I have also completed the following classes while being placed on probation, they are listed as follows, 1.)F.C.I. Loretto, PA Certification of Completion for- Non-Residential Drug Abuse Treatment Program, 2.) Certificate of Completion for 500 hour residential component of the Comprehensive Drug Abuse Program. 3.) Certificate of Completion- Successfully meeting the requirements of Job Search Class.

Conclusion

Wherefore, premised considered, Charles Clarence Taylor Jr. asks the court to terminate his supervised release term early for the aforementioned reasons.

Dated 2-1-16

Respectfully submitted,

Charles Clarence Taylor Jr. 2330 NE 71st Terrace Gainesville FL, 32609  Phone# (407)405-1049